## MARY SZCZESNOWIC
*vs.*
## DEALERS AUTO EXCHANGE, INC.

Superior Court　　　New Haven County　　　File No. 57539

### MEMORANDUM FILED FEBRUARY 11, 1941.

*Charles G. Albom,* and *Woodruff & Klein,* of New Haven, for the Plaintiff.

*Michael J. Quinn,* of New Haven, for the Defendant.

SIMPSON, J. The doctrine of *res ipsa loquitur* would apply in this case if it were shown that the defendant had or had assumed control of the automobile at the time it ran into the street. The court has never entertained any other proposition of law. The question which confronts the court is one of fact, and that is, has the plaintiff proven such facts as would justify a conclusion that the defendant assumed the control of the car, or that it had been on its premises and in its control so long that the defendant knew or must have known of its position and the danger of its starting of its own momentum, and running into the street?

The undisputed evidence is that the car was brought to defendant's place of business by the owner or its agent in the afternoon of the day of the accident. Just the minute it was brought there is not certain. Plaintiff's witness Weber

says he saw it being driven in about five or ten minutes before he saw it rolling out. The defendant's witness Mednicow is not quite so certain as to when it was brought to the defendant's place of business or when it ran out. When asked what time the accident happened he said: "I don't recollect; about four or five o'clock." When asked who brought it "there" he said the Howard Used Car Company, and that so far as he knew neither he nor anyone in his employ had touched the car before it ran out. When asked on re-cross examination what time it was brought "to you" he said: "I cannot tell offhand, just maybe a half-hour or an hour before four or five o'clock." Thus he places the arrival of the car "there" at probably one-half to one hour before the accident. Taking his testimony and that of Weber together, it is probable the car ran out very soon after it was left on the lot, especially in view of the fact that it apparently started of its own momentum and that Weber's testimony is more probably correct. He was further asked by plaintiff's attorney as follows:

Q—These people brought it there to leave it until you sold it, didn't they? A—That's right.

Q—And you took charge of the car, didn't you? A—I told them to leave it there, yes.

It is clear that up to the last question the word "there" referred to the defendant's storage place for used cars, and it is probable, from the context, that the word "there" in the last answer referred to the same place. But the plaintiff claims it referred to the exact spot where the car was left by its owner. It is difficult to draw any such conclusion. Even if it did refer to the place where the car was left by its owner, the time it was "there" is not sufficient in the opinion of the court to charge the defendant or its agents, acting with reasonable care, with knowledge that the car was left in an unsafe condition, and was likely to run into the street.

Fortunately, the plaintiff was not badly hurt. In fact, her injuries were so slight that they did not justify the bringing of this action to this court.

Judgment is given for the defendant.